## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

In re:

MATTHEW MASON MENNONA
NICOLE MARIE MENNONA,

Debtors.

Bankruptcy Case No. 21-11967 TBM
Chapter 7

─────────────────────────────────────────────────

## ORDER TO DEBTORS TO SHOW CAUSE WHY SANCTIONS FOR CIVIL CONTEMPT SHOULD NOT BE IMPOSED AND NOTICE OF HEARING

─────────────────────────────────────────────────

THIS MATTER comes before the Court on the "Motion by Trustee for Forthwith Hearing on Order Granting Turnover Motion" (Docket No. 62, the "Motion for Forthwith Hearing") filed by Simon E. Rodriguez, Chapter 7 Trustee (the "Trustee").  The Trustee requests that the Court set a hearing to compel the Debtors to comply with the Court's "Order Granting Motion by Trustee to Compel Turnover of Property of the Estate" (Docket No. 51, the "Order Compelling Turnover").

The Court entered the Order Compelling Turnover on August 19, 2021.  The Order Compelling Turnover required the Debtors to turnover to the Trustee at the office of his counsel by August 26, 2021, certain property of the estate and documents including: keys and all other access information to the real property located at 9647 W. Chatfield Avenue, Apt. D, Littleton, CO 80128 (the "Real Property"); the "CMA" in relation to the Real Property; and proof of current insurance on the Real Property along with other information set out in the Order Compelling Turnover.  The Trustee represents that the Debtors have not complied with the Order Compelling Turnover.  If the Trustee's representations are true, the Debtors may be held in contempt for failing to comply with the Court's Order Compelling Turnover.  Accordingly, the Court:

ORDERS and NOTICE IS HEREBY GIVEN that the Court will convene a non-evidentiary hearing on the Trustee's Motion for Forthwith Hearing on **THURSDAY, SEPTEMBER 16, 2021 at 2:00 P.M.** before the Honorable Thomas B. McNamara, in Courtroom E, United States Bankruptcy Court, 721 19th Street, Denver, Colorado 80202-2508.  *Counsel and parties may appear either in-person or by telephone*.

NOTICE IS HEREBY FURTHER GIVEN that if counsel and/or parties elect to appear in person, all in-person participants shall comply with the "Administrative Order of the Chief Judge 2020-2" and the Entry and Operational Protocols set forth therein as located on the Court's website (https://www.cob.uscourts.gov/sites/default/files/general-orders/ao2020-2.pdf).

If counsel and/or parties elect to participate by telephone, all telephonic participants shall call 1-888-684-8852 before the scheduled time of the hearing.  The

Meeting ID for the conference call is <u>3187256</u>, followed by the # sign. The Court strongly recommends use of a land line if appearing by phone. Please stay on the line until the Court operator takes the roll call and the hearing begins. The Court will not contact parties by telephone. If a party has not called in to the conference line or is not present in Court, it will be deemed a failure to appear. Failure to connect to the conference call line in a timely manner may preclude your participation in the hearing.  In the event you are otherwise unable to connect after following the instructions provided above, please call the Team of the undersigned Judge at 720-904-7463 and leave a name, case number and a telephone number where you can be reached and the Court will return the call.

FURTHER ORDERS that given the serious nature of the Trustee's assertions and the potential for the imposition of sanctions, **THE DEBTORS AND THEIR COUNSEL SHALL APPEAR EITHER IN PERSON IN THE COURTROOM OR BY TELEPHONE** and be prepared to show cause to the Court why the Debtors should not be held in civil contempt and why sanctions ought not be imposed against the Debtors under 11 U.S.C. § 105(a).

FURTHER ORDERS that on or before **2:00 p.m. on MONDAY, SEPTEMBER 13, 2021**, the Debtors shall file a response to the Trustee's Motion for Forthwith Hearing and the Trustee's assertions therein that the Debtors have not complied with the Court's Order Compelling Turnover; and shall show cause why sanctions for civil contempt ought not be imposed against the Debtors or either of them.

FURTHER ORDERS that the hearing set is a non-evidentiary hearing.  In the event evidence must be presented and/or sanctions must be imposed, the Court will set a prompt evidentiary hearing.

FURTHER ORDERS that Debtors should be advised that their failure to comply with an order of the Court may result in a finding of civil contempt of this Court's Order Compelling Turnover.  Sanctions for such civil contempt may include arrest and confinement until the Debtors comply with the Order Compelling Turnover; monetary sanctions; denial of the Debtors' or either Debtor's discharge under 11 U.S.C. §§ 727(a)(4)(D) or (a)(6) and/or other appropriate sanctions.  Such sanctions, however, will not include an order dismissing the Debtors' case.

DATED this 7th day of September 2021.

BY THE COURT:

_Thomas B. McNamara_

Thomas B. McNamara,
United States Bankruptcy Judge