# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: <br><br> MATTHEW JASON MENNONA AND NICOLE MARIE MENNONA, <br><br> Debtors. | Case No. 21-11967 TBM <br><br> Chapter 7 |
| MATTHEW JASON MENNONA AND NICOLE MARIE MENNONA, <br><br> Plaintiffs, <br><br> v. <br><br> DEVON BARCLAY, PC, <br><br> Defendant. | Adversary Case No.: |

## VERIFIED COMPLAINT

COME NOW, Mathew Jason Mennona and Nicole Marie Mennona ("Plaintiffs" or Mr. Mennona or Mrs. Mennona), by and through their attorney, Stephen E. Berken, Esq., and hereby submit this Verified Complaint and in support thereof represent to the Court as follows:

## JURISDICTION

1.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §1334(b). This adversary proceeding relates to Chapter 7 Bankruptcy Case No. 21-11967 MER and is a core proceeding pursuant to 28 U.S.C. §157(b)(2) as to claims for relief Two and Three. The matter is non-core as to the First Claim for Relief. Venue in this District of Colorado is proper pursuant to 28 U.S.C. §§1408 and 1409(a).

2.     This is an action, pursuant to 11 U.S.C. §§ 101(12A), 526 and 528 of the

1

Bankruptcy Code, for violation of that code section, and to determine the amount of damages, attorney's fees and costs resulting therefrom.

3. The adversary proceeding is authorized by Rules 7001, et. seq., of the Federal Rules of Bankruptcy Procedure.

4. Pursuant to Fed. R. Bank. P. 7008, Plaintiffs consent to entry of final orders and judgment by this Court.

## PARTIES

5. Plaintiffs are the Debtors in the above-captioned bankruptcy case. Plaintiffs reside in Jefferson County, Colorado

6. Defendant is a professional corporation, registered in the state of Colorado and formed on July 24, 2019. The Defendant is located within the City and County of Denver, Colorado, and is owned and operated by Devon Michael Barclay ("Mr. Barclay"), an attorney licensed to practice in the state of Colorado and admitted to practice before this Bankruptcy Court. Defendant is a "debt relief agency" as that term is defined within 11 U.S.C. § 101(12A). Defendant holds itself out to the community as a law office that specializes in consumer bankruptcy representation. (https://devonbarclaypc.com)

7. Plaintiffs filed a petition for relief under Chapter 7, Case No. 21-11967 TBM on April 16, 2021. Defendant, by and through Mr. Barclay, filed the bankruptcy case.

## GENERAL ALLEGATIONS

8. In 2020, Plaintiffs experienced financial difficulties and began to consider the possibility of filing for relief under the bankruptcy code.

9. They located Defendant through an online search on October 6, 2020. Plaintiffs scheduled a consultation with Defendant on October 12, 2020 at 12:00 noon. At that time, they met with Mr. Barclay.

10. During that meeting, Plaintiffs conveyed to Mr. Barclay that the Covid pandemic had adversely affected their finances, that they were current with their home mortgage and car payments but had fallen behind with their other creditors.

11. Plaintiffs communicated with Mr. Barclay that they did not want to lose their home because they are raising two small children, and the mortgage was affordable, notwithstanding the presence of their other debts.

12. The parties discussed the value of the home, and at the time (i.e., October of

2020), was estimated to be worth between $315,000 to $325,000. The Plaintiffs told Mr. Barclay that a previous effort to refinance the mortgage was unsuccessful, that an appraisal valued the home at approximately $280,000.

13. Plaintiffs told Mr. Barclay that they were unfamiliar with the differences been chapters 7 and 13. Mr. Barclay explained that the value of the home, and its equity, came very close to exceeding the allowed homestead exemption, but that they could probably "work out" a deal with the Chapter 7 trustee to pay the value of the equity that exceeded the homestead exemption.

14. On that basis, Mr. Barclay advised proceeding under chapter7 and that the home value "shouldn't be a problem."

15. Mr. Barclay explained that the ultimate decision to file chapter 7 belonged to the Plaintiffs, whereupon the Plaintiff admitted having little knowledge of bankruptcy, and that they would defer to his advice and opinion.

16. The parties discussed that the Plaintiffs had historically received a sizeable tax refund. Mr. Barclay suggested waiting until such time that the refund was received and spent, followed with the filing of the bankruptcy petition. That, Mr. Barclay explained, would avoid the chapter 7 trustee taking the tax refund.

17. Mr. Barclay suggested that the Plaintiffs discontinue servicing their unsecured debt, that the obligations would be included in the bankruptcy filing.

18. Mr. Mennona reiterated to Mr. Barclay the former's concern--that the bankruptcy would be successful and that the Plaintiffs would retain their home? Mr. Barclay reiterated that it "should not be a problem," although it probably would result in some payments made to the chapter 7 trustee.

## SUMMARY OF PROCEEDINGS

19. Plaintiffs filed for relief under chapter 7 on April 16, 2021. The case was assigned to Simon E. Rodriguez ("Trustee.") The Section 341 Meeting of Creditors was scheduled for May 17, 2021 at 8:00 AM. The Debtors did not appear.

20. On April 16, 2021, Debtors filed an Application to Pay the Filing Fee in installments (Dkt. #10). An order entered permitting same (Dkt # 12). The first installment was due April 30, 2021, second installment due May 28, 2021, third and final installment due June 25, 2021. (Dkt. #10).

21. Plaintiffs paid first installment on April 22, 2021 (Dkt. # 22).

3

22.     Plaintiffs failed to pay the second installment of the filing fee by May 28, 2021. Court filed a notice of impending dismissal for default on June 1, 2021 (Dkt. # 19).

23.     The continued Meeting of Creditors occurred on June 14, 2021.   Neither Plaintiffs nor Mr. Barclay appeared.

24.     Trustee filed Notice of Possible Dividends on June 3, 2021 (Dkt. # 20), and Motion for Turnover on June 15, 2021 (Dkt. # 27).

25.     Plaintiffs, through Mr. Barclay, filed a Motion to Dismiss the chapter 7 case for failure to provide documents to the Trustee on June 29, 2021 (Dkt. #33).

26.     Mr. Barclay filed a Status Report on June 30, 2021, stating that the meetings of creditors was not "held" and that he is "bewildered by the trustee's filing" of June 29, 2021, i.e., that the required meeting of creditors was "satisfied," later withdrawn on June 30, 2021. The Trustee did not file such notice.   It is automatically generated by the clerk of the court approximately ten to fifteen days after the scheduled meeting of creditors. The clerk of the court later rectified the error.

27.     On June 30, 2021, Mr. Barclay filed "Debtor's [sic] Objection to Motion for Turnover" noting that the creditors meeting had not been held (presumably with the Plaintiffs in attendance), that the trustee's proposed value of the property is erroneous, and that the Plaintiffs motion to dismiss the case is on "statutory grounds." (Dkt. # 35).

28.     The Trustee filed a response to Plaintiff's Motion to Dismiss on July 20, 2021 (Dkt. #40).   The trustee notes, inter alia, that: Mr. Barclay appeared at the Meeting of Creditors on May 17, 2021, and offered no explanation for the Plaintiffs' failure to appear; the Plaintiffs failed to pay the second filing fee installment; failed to provide Mrs. Mennona's pay advices within 45 days of the petition date.

29.     On August 17, 2021, the court conducted a non-evidentiary hearing on the trustee's motion to compel turnover and objection thereto; Plaintiffs' motion to dismiss and objection from the trustee on August 17, 2021. The court entered an order for turnover on August 19, 2021 (Dkt. # 51.)

30.     On August 23, 2021, Plaintiffs filed a motion to convert their chapter 7 case to chapter 13 (Dkt. # 54).

31.     On August 29, 2021, Mr. Barclay filed a motion to dismiss Nicole Mennona's chapter 7 proceeding, arguing that she failed to comply with providing timely wage statements per 11 U.S.C. § 521, et. seq.

4

32. On September 9, 2021, the Trustee filed a motion for a forthwith hearing for Plaintiffs' failure to comply with the order for turnover (dkt. #62). An order to show cause entered by the court on September 7, 2021 (Dkt. # 63). Plaintiffs filed a response thereto on September 12, 2021 (Dkt. # 65).

33. On September 13, 2021, Trustee filed a response to the motion to convert to chapter 13 (Dkt. # 66). On September 17, 2021, Trustee filed a response to Mrs. Mennona's motion to dismiss (Dkt. # 67).

34. On September 17, 2021, the court set a date for an evidentiary hearing to occur on September 22, 2021 as to the order to show cause.

35. On September 22, 2021, the Trustee filed a sequence of emails from Mr. Barclay to employees of a collection company (i.e., BC Services). Within the emails, Mr. Barclay urges BC Services to request a copy of the Plaintiffs' tax returns, to which the Plaintiffs and counsel would "willfully not comply", thus prompting a motion to dismiss the chapter 7 case. (Dkt. # 80).

36. On September 23, 2021, the court entered an order of sanctions against the Plaintiffs, joint and several, for $2783.50, failure to comply with the court's order regarding turnover. (Dkt. # 85).

## COMMUNICATIONS BETWEEN THE PARTIES [1]

37. Plaintiffs incorporate by reference paragraphs 1 through 36 herein.

38. Plaintiffs attach a summary of their communication with Mr. Barclay and his staff to this complaint. *See Affidavit and Communications Between the Parties*, attached hereto and incorporated herein by reference.

## ARGUMENT

39. The exchange between the parties reveals several things. That the parties—Nicole Mennona and Devon Barclay--remained in constant contact during the latter's representation. Likewise, Mr. Barclay was prompt and responsive to her inquires. Nicole Mennona's most pressing concern—losing the family home during the course of the chapter7—is apparent.

40. Still, the filing of the chapter 7 was a poor choice. There were many indications

---

[1] Plaintiffs attach a summary of the exchange between Mr. Barclay and his staff. Reference to Plaintiff refers to Nicole Mennona, unless otherwise identified. When available, dates are provided.

5

that the home located at 9647 West Chatfield Avenue, Unit D, Littleton, Colorado 80128, had non-exempt equity. Defendant had a duty to make a reasonable inquiry as to the value of the home as of the filing date. The value of the home set forth on Schedule A was significantly undervalued and not based on comparable sales *as of the filing date*.

41.     Gleaned from the *Communications Between the Parties*, Defendant sent the bankruptcy petition, schedules and statements to Plaintiffs on March 17, 2021.   On April 16, 2021, Defendant filed the Plaintiffs' bankruptcy case. Four days later, on April 20, 2021, Plaintiffs returned the executed scanned petition via email. Plaintiffs signed the schedules on April 19, 2021, at home. Plaintiffs did not send—and have never sent-- to Defendant the executed "wet signatures." That suggests the Defendant did not have possession of the signed petition and schedules prior to filing. It also suggests Defendant did not meet with the Plaintiffs to review the executed schedules and statements prior to their filing.

42.     The parties agreed going into the chapter 7 that a "deal" would need to be cut, that is, buying back the non-exempt equity from the bankruptcy estate. In the overheated real estate market of the Denver metro area, it was malpractice per se to file chapter 7 with a home that has significant equity beyond the homestead exemption. The Plaintiffs may have qualified for chapter 13 *ab initio*-- to reconcile the non-exempt equity of the home. Or the Defendant should not have put the Plaintiffs in harm's way with the filing of a chapter 7 "liquidation." Plaintiffs, however, given the Plaintiffs repeated concerns to Defendant to not jeopardize the family home was ignored or dismissed by Defendant, with the apparent plan that, if assigned to the "wrong" trustee, allow the mechanics of the bankruptcy code to "automatically" dismiss the chapter 7 proceeding.

43.     Notwithstanding Mr. Barclay's animus for the trustee and his counsel—his efforts to protect his clients and their home would be admirable if not for the Machiavellian maneuvers to have the case dismissed. The attempted manipulation of the Code goes beyond the pale. Mr. Barclay's schemes included:

a.      Failure to provide the required documents to the trustee per 11 U.S.C. § 521(a)(1)(B)(iv);
b.      Instructions to the Plaintiffs to not appear at the initial § 341 Meeting of Creditors;
c.      Instructions to the Plaintiffs to not appear at the continued § 341 Meeting;
d.      Communication with BC Services to request a copy of the Plaintiffs' tax returns, which would be ignored, and thus prompting the filing of a motion to dismiss pursuant to 11 U.S.C. § 521(e)(2)(C) ;
e.      Instruction to the Plaintiffs to not pay the second installment of the filing fee.

6

(Electing to pay the filing fee in installments may have been a "safety valve" to facilitate the dismissal of the case in the event matters went awry.)

44. Defendant's instructions to the Plaintiffs to disobey orders of the court and provisions of the Code placed in jeopardy their order of discharge per § 727(a)

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE

45. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully and completely reiterated herein.

46. As counsel for the Plaintiffs, Defendant had a duty of care owed to the Plaintiffs.

47. Defendant's to Plaintiffs to file chapter 7 instead of chapter 13—or file any form of bankruptcy—was the causation which placed Plaintiffs in harm's way to lose their home, and potentially, their order of discharge for failure to comply with § 521, et. seq.

48. Defendant breached his duty to Plaintiffs.

49. Defendant's action has caused Plaintiffs damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF 11 U.S.C. §526(a)

50. Plaintiffs incorporate and re-allege the foregoing paragraphs as if fully and completely reiterated herein.

51. Defendant is a "debt relief agency." 2

52. The Plaintiffs are an "assisted person" because Plaintiffs sought bankruptcy protection and their debts consist primarily of consumer debts.

53. The Defendant regularly files bankruptcies for consumers in Colorado.

54. Defendant violated § 526(a)(1) by failing to perform necessary services in

---

2 The *Bankruptcy Abuse Prevention and Consumer Protection Act* of 2005 ("BAPCPA") added the term "debt relief agency" to the lexicon of the Code. 11 U.S.C. § 101(12) provides: "The term 'debt relief agency' means any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, …"

7

their Chapter 7 bankruptcy case such as:

(a) failure to appear at the continued § 341 Meeting of Creditors;
(b) falsely stating to the Trustee his lack of knowledge as to the Plaintiffs failure to appear at the initial Meeting of Creditors;
(c) failure to properly advise the Plaintiffs as to the ramifications of filing chapter 7 relative to their concern to losing their home in the bankruptcy proceeding.

### THIRD CAUSE OF ACTION
### VIOLATION OF 11 U.S.C. § 526(a)(2)

55. The Plaintiffs reallege and incorporates the above paragraphs as if fully set forth herein.

56. The Defendant violated § 526(a)(2) by making false statements related to the benefits and risks of becoming debtors under the Bankruptcy Code. Specifically, the Defendant falsely informed the Plaintiffs that the trustee would not sell their home, even with non-exempt equity, solely for the purpose of causing the Plaintiffs to pay Defendant and file a Chapter 7 bankruptcy proceeding when Chapter 13 would have offered the Plaintiffs considerable time to pay either their allowed claims or reconcile the non-exempt equity beyond the homestead exemption. Alternatively, Defendant should have advised the Plaintiffs to not proceed with the filing of chapter 7.

57. The Defendant violated § 526(a)(2) with the improvident, untrue and misleading advice to:

a. not attend the initial and continued § 341 Meetings of Creditors;
b. not cooperate with the Trustee with providing documents described in § 521;
c. instructing the Plaintiffs to not abide by the court's order of permitting the filing fee to be paid in installments;
d. falsely implying to the Plaintiffs that a "deal" could be struck to buy back the non-exempt portion of their home equity.

### DAMAGES

58. The Defendant's intentional and/or negligent non-compliance with Section 526caused the Plaintiffs actual damages to be determined at trial.

59.     Pursuant to § 526(c)(2), the Defendant is liable to the Plaintiffs for the amount of money Plaintiffs paid to it, together with actual damages, reasonable attorney's fees, and costs of litigation.

60.     Pursuant to § 526(c)(5), the court should enjoin the Defendant's violations of § 526 and award the Plaintiffs an appropriate civil penalty.

61.     Undersigned counsel takes no pleasure whatsoever with the filing of this action with regard to the Defendant and Mr. Barclay.

WHEREFORE, Plaintiffs pray for the following:

   a. Actual damages to be determined at trial;
   b. Punitive damages and/or civil penalty in an amount to be determined at trial;
   c. Reasonable Attorney Fees and Costs;
   d. Prejudgment and Post-judgment interest; and
   e. For such other relief as may be proper.

RESPECTFULLY SUBMITTED this 23rd day of November 2021.

*/s/ Stephen E. Berken*
Stephen E. Berken, #14926
Berken Cloyes
1159 Delaware Street
Denver, CO 80204
(303) 623-4357
Fax No.: (720) 554-7853
stephenberkenlaw@gmail.com

## **VERIFICATION**

We, Mathew and Nicole Mennona, being duly sworn upon our oath hereby state that the facts and information contained in the above Verified Complaint are true and correct to the best of our knowledge, information, and belief.

*/s/ Mathew Mennona*
Mathew Mennona

*/s/ Nicole Mennona*
Nicole Mennona