# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| MATTHEW JASON MENNONA ) | Case No. 21-11967 TBM |
| NICOLE MATIE MENNONA, ) | Chapter 7 |
|     Debtors. ) | |

## TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT

SIMON E. RODRIGUEZ, chapter 7 trustee herein, by and through his undersigned special counsel, for his Motion to Approve Settlement Agreement states as follows:

### Background

1. Matthew and Nicole Mennona (the "Mennonas") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on April 16, 2021 (the "Petition Date").

2. Simon E. Rodriguez is the duly appointed trustee (the "Trustee") of the Mennonas' chapter 7 bankruptcy estate.

3. On November 23, 2021, the Mennonas filed a Complaint in an adversary proceeding, captioned *Mennona et al. v. Devon M. Barclay P.C.*, and assigned Adv. Proc. No. 21-1239 TBM (the "Adversary Proceeding").

4. On January 27, 2022, the Trustee entered his appearance in the Adversary Proceeding as an interested party.

5. On February 18, 2022, the Trustee and the Mennonas filed a First Amended Complaint in the Adversary Proceeding naming the Trustee as an additional plaintiff and Devon Michael Barclay, individually, as an additional defendant.

6. In the First Amended Complaint, both Plaintiffs assert claims of professional negligence against Mr. Barclay and Devon M. Barclay P.C. and the Mennonas assert claims pursuant to 11 U.S.C. § 526(c) against both Defendants.

7. On March 24, 2022, Defendants filed an Answer to the Complaint.

8. Defendants deny any liability in connection with any of the Plaintiffs' claims for relief.

9. To resolve their disputes without the additional costs and uncertainty of continued litigation, the Trustee, the Mennonas, and the Defendants (collectively, the "Parties") have entered

into a written Settlement Agreement (the "Agreement"). A copy of the Agreement is attached as <u>Exhibit 1</u> and incorporated by this reference.

## The Settlement Agreement

10. The Agreement provides, in pertinent part, as follows:

   a. <u>Bankruptcy Court Approval; Effective Date</u>. The Agreement is subject to entry of an order approving the Agreement (the "Approval Order") by the Bankruptcy Court. The effective date of the Agreement is the date the Approval Order is entered.

   b. <u>Settlement Funds</u>. Defendants shall pay $100,000 to the Trustee and $50,000 to the Mennonas within 14 days of the Effective Date.

   c. <u>Dismissal of Adversary Proceeding</u>. Within 7 days of receipt of the settlement funds, the Trustee shall file an unopposed motion to dismiss the Adversary Proceeding with prejudice.

   d. <u>Distribution of Surplus Funds to Mennonas</u>. The monies received by the Trustee shall be distributed pursuant to the distribution scheme set forth in 11 U.S.C. § 726(a). Accordingly, any monies remaining after payments of claims entitled to payment pursuant to § 726(a)(1)-(5) shall be paid to the Mennonas pursuant to § 726(a)(6). For purposes of the Trustee's reporting, all monies paid to the Mennonas pursuant to § 726(a)(6) shall be deemed non-estate funds.

   e. <u>Release</u>. Upon compliance with the obligations set forth in the Agreement, the Parties agree to a broad mutual release of claims relating to the bankruptcy case and the Adversary Proceeding.

11. The above description represents a summary of the Agreement. Interested parties should refer to the Agreement for a complete understanding of the terms and conditions of the agreement. Any inconsistency between the Agreement and the summary provided herein shall be resolved by reference to the terms of the Agreement.

## Relief Requested and Authority

12. The Trustee requests that the Court approve the Agreement. The Court's authority to approve settlements is derived from Fed. R. Bankr. P. 9019(a). Specifically, "[o]n motion by the trustee and after notice and hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

13. The law generally favors "compromise and settlement of disputes" among parties. *See Stanspec Corp. v. Jelco*, 464 F.2d 1184, 1187 (10th Cir. 1972). A court's decision to approve a settlement "must be an informed one based upon an objective evaluation of developed facts." *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989) (citing *Protective Comm. for Indep.*

*Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)). A court must "determine whether the settlement is fair and equitable and in the best interests of the estate." *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D. Colo. 1989).

14. In making the fair and equitable determination, the Court should consider (1) the probable success of the litigation on the merits; (2) any potential difficulty in collection of a judgment; (3) the complexity and expense of the litigation; and (4) the interests of creditors in deference to their reasonable views. *See In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997); *Official Comm. of Unsecured Creditors of Western Pac. Airlines v. Western Pac. Airlines (In re Western Pac. Airlines)*, 219 B.R. 575, 579 (D. Colo. 1998).

15. The Agreement satisfies the relevant factors and the Trustee requests that it be approved. Based upon claims filed and estimated administrative expenses, the funds received by the Trustee will be sufficient for him to make a 100% distribution to creditors, with some surplus going to the Mennonas. Because this is the best possible outcome for interested parties, there is no question that the Agreement satisfies the requirements for approval. The Mennonas' compromise with the Defendants does not require Court approval and therefore need not be considered in the Rule 9019 analysis.

WHEREFORE, the Trustee requests that the Court enter an Order granting the Motion, approving the Agreement, and granting such other relief as deemed proper.

DATED this 13th day of April, 2022.

Respectfully submitted,

WADSWORTH GARBER WARNER CONRARDY, P.C.

*/s/ David V. Wadsworth*
David V. Wadsworth, #32066
2580 West Main Street, Suite 200
Littleton, Colorado 80120
303-296-1999 / 303-296-7600 FAX
dwadsworth@wgwc-law.com
*Special Counsel to Trustee*