# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") by and among the parties set forth in Section 1 (each a "Party" and collectively the "Parties") is hereby entered into and, upon entry of a final Order of the United States Bankruptcy Court for the District of Colorado, in Adversary Proceeding No. 21-1239 TBM and Bankruptcy Case No. 21-11967 TBM approving this Agreement (the "Approval Order"), shall be deemed effective (the "Effective Date") by the Parties for purposes of proceeding under the provisions hereto.

## RECITALS

A. Matthew and Nicole Mennona (the "Mennonas") filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Case (the "Bankruptcy Code") on April 16, 2021 (the "Petition Date"). The Mennonas' case was assigned Case No. 21-11967 TBM (the "Bankruptcy Case").

B. Simon E. Rodriguez is the duly appointed trustee (the "Trustee") of the Mennonas' chapter 7 bankruptcy estate.

C. On November 23, 2021, the Mennonas filed a Complaint in an adversary proceeding in the United States Bankruptcy Court for the District of Colorado in a case captioned *Mennona et al. v. Devon M. Barclay P.C.*, Adv. Proc. No. 21-1239 TBM (the "Adversary Proceeding").

D. On January 27, 2022, the Trustee entered his appearance in the Adversary Proceeding as an interested party.

E. On February 18, 2022, the Trustee and the Mennonas filed a First Amended Complaint in the Adversary Proceeding naming the Trustee as an additional plaintiff and Devon Michael Barclay, individually, as an additional defendant.

F. In the First Amended Complaint, both Plaintiffs assert claims of professional negligence against Mr. Barclay and Devon M. Barclay P.C. and the Mennonas assert claims pursuant to 11 U.S.C. § 526(c) against both Defendants.

G. On March 24, 2022, Defendants filed an Answer to the Complaint.

H. Defendants deny any liability in connection with any of the Plaintiffs' claims for relief.

I. Recognizing the expense and uncertainty of litigation, and without admitting any liability or misconduct whatsoever, the Parties have reached a resolution of all claims pursuant to the terms and conditions set forth below.

**EXHIBIT 1**

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual promises set forth herein, the signatures of the Parties on this Agreement and other valuable consideration, the sufficiency of which is hereby acknowledged, and upon the terms and subject to the conditions hereof, the Parties agree as follows:

### SECTION 1
### THE PARTIES

1.01    *Parties.*  The Parties to this Settlement Agreement are:

(a)    Simon E. Rodriguez, chapter 7 trustee in the Bankruptcy Case and Plaintiff in the Adversary Proceeding.

(b)    Matthew and Nicole Mennona, chapter 7 debtors in the Bankruptcy Case and Plaintiffs in the Adversary Proceeding.

(c)    Devon Michael Barclay, Defendant in the Adversary Proceeding.

(d)    Devon M. Barclay P.C., Defendant in the Adversary Proceeding.

(e)    Collectively, the Trustee and the Mennonas are referred to as the "Plaintiffs" and Devon Michael Barclay and Devon M. Barclay are referred to as the "Defendants" in this Agreement.

### SECTION 2
### AGREEMENT

2.01    *Settlement Funds*.

In consideration of the mutual promises set forth in this Agreement and other valuable consideration, the sufficiency of which has been acknowledged by the Parties, the Defendants agree to pay Plaintiffs the sum of **$150,000.00** (the "Settlement Funds"), as follows: Within fourteen (14) days of the Effective Date, the Defendants shall send (a) a check in the amount of **$100,000.00** to the Trustee, c/o David Wadsworth, Esq., Wadsworth Garber Warner Conrardy, P.C., 2580 West Main Street, Suite 200, Littleton, Colorado 80120 and (b) a check in the amount of **$50,000.00** to the Mennonas's attorneys: Berken Cloyes, P.C., 1159 Delaware Street, Denver, CO 80204.

2.02    *Dismissal of the Adversary Proceeding*.

Within seven (7) days after receipt of the Settlement Funds required by Section 2.01 above, Trustee shall file an Unopposed Motion to Dismiss the Adversary Proceeding with Prejudice in the Adversary Proceeding.

2.03     *Distribution of Surplus Funds to the Mennonas*.

The monies paid hereunder to the Trustee shall be distributed, pursuant to orders of the Bankruptcy Court, pursuant to the distribution scheme set forth in 11 U.S.C. § 726(a). Accordingly, any monies remaining after payments of claims entitled to payment pursuant to § 726(a)(1)-(5) shall be paid to the Mennonas pursuant to § 726(a)(6). For purposes of the Trustee's reporting, all monies paid to the Mennonas pursuant to § 726(a)(6) shall be deemed non-estate funds. Payments due the Mennonas, if any, pursuant to § 726(a)(6) shall be delivered to the Mennonas' counsel as set forth in Section 2.01 above.

## SECTION 3
## MUTUAL RELEASES AND COVENANTS NOT TO SUE

3.01     *Release of the Defendants.*

(a)     In consideration of the mutual promises set forth in this Agreement and other valuable consideration, the sufficiency of which has been acknowledged by the Parties, and except with respect to compliance with the obligations set forth in this Agreement, Plaintiffs, for themselves, and their present and former predecessors, successors, assigns, insurers, attorneys, employees, parents, affiliates, branches, divisions, related entities, subsidiaries, shareholders, members, managers, officers, directors, trustees, counsel, collectors, heirs, personal representatives, other agents and/or any others who have, had, or may have a claim by or through them, to the fullest extent permitted by law (collectively the "Plaintiff Releasing Parties") hereby waive, release, discharge, and acquit the Defendants, individually and collectively, and their present and former predecessors, successors, assigns, insurers, attorneys, employees, parents, affiliates, branches, divisions, related entities, subsidiaries, shareholders, members, managers, officers, directors, trustees, counsel, collectors, heirs, personal representatives, and other agents (collectively the "Defendant Released Parties"), from any and all past, present, and future claims, causes of action, demands, damages, fees, benefits, compensation, indemnification, obligations, actions, liabilities, losses, judgments, rights to appeal, liens, rights, debts, costs, or expenses of any nature whatsoever, based on any theory of recovery, whether at law or in equity, known or unknown, direct or indirect, which the Plaintiff Releasing Parties ever had, now have, or hereafter can, shall or may have from the beginning of time to the Effective Date, arising in or related to the Bankruptcy Case and the Adversary Proceeding (hereinafter the "Plaintiff Released Claims").

(b)     If any of the Plaintiff Releasing Parties or an attorney or agent for any of the Plaintiff Releasing Parties files any civil action in any forum, asserting any of the Plaintiff Released Claims against any of the Defendant Released Parties, this Agreement may be used by the Defendant Released Party as a complete defense to any Plaintiff Released Claims and the Plaintiff Releasing Parties shall be jointly and severally obligated to pay all costs, expenses, and attorney fees incurred by the Defendant Released Party in defending against the Plaintiff Released Claims, in addition to payment of any settlement or judgment entered against any Defendant

Released Party, in any such action, to the fullest extent permitted by law.

(c)   The Plaintiff Releasing Parties hereby warrant to the Defendant Released Parties that they have not assigned or transferred to any person or entity any portion of the Plaintiff Released Claims.

3.02   *Release of Plaintiffs.*

(a)   In consideration of the mutual promises set forth in this Agreement and other valuable consideration, the sufficiency of which has been acknowledged by the Parties, and except with respect to compliance with the obligations set forth in this Agreement, the Defendants, for themselves, and their present and former predecessors, successors, assigns, insurers, attorneys, employees, parents, affiliates, related entities, trustees, counsel, collectors, heirs, personal representatives, other agents and/or any others who have, had, or may have a claim by or through them, to the fullest extent permitted by law (collectively the "Defendant Releasing Parties") hereby waives, releases, discharges, and acquits Plaintiffs, and their present and former predecessors, successors, assigns, insurers, attorneys, employees, parents, affiliates, branches, divisions, related entities, subsidiaries, shareholders, members, managers, officers, directors, trustees, counsel, collectors, heirs, personal representatives, and other agents (collectively the "Plaintiff Released Parties"), from any and all past, present, and future claims, causes of action, demands, damages, fees, benefits, compensation, indemnification, obligations, actions, liabilities, losses, judgments, rights to appeal, liens, rights, debts, costs, or expenses of any nature whatsoever, based on any theory of recovery, whether at law or in equity, known or unknown, direct or indirect, which the Defendant Releasing Parties ever had, now have, or hereafter can, shall or may have from the beginning of time to the Effective Date, arising in or related to the Bankruptcy Case and the Adversary Proceeding (hereinafter the "Defendant Released Claims").

(b)   If any of the Defendant Releasing Parties or an attorney or agent for any of the Defendant Releasing Parties files any civil action in any forum, asserting any of the Defendant Released Claims against any of the Plaintiff Released Parties, this Agreement may be used by the Plaintiff Released Party as a complete defense to any Defendant Released Claims and the Defendant Releasing Parties shall be jointly and severally obligated to pay all costs, expenses, and attorney fees incurred by the Plaintiff Released Party in defending against the Defendant Released Claims, in addition to payment of any settlement or judgment entered against any Plaintiff Released Party, in any such action, to the fullest extent permitted by law.

(c)   The Defendant Releasing Parties hereby warrant to the Plaintiff Released Parties that they have not assigned or transferred to any person or entity any portion of the Scott Released Claims.

## SECTION 4
## REPRESENTATIONS AND WARRANTIES

      4.01    Each of the Parties executing this Agreement hereby warrants and represents that he, she, or it:

    (a)    Has read this Agreement in its entirety;

    (b)    Has been fully advised by, and has consulted with, or had an adequate opportunity to consult with, an independent attorney chosen by such Party concerning his, her or its legal rights and obligations, including those which would otherwise be in effect if this Agreement were not signed;

    (c)    Has both personally and through his, her, or its attorney, fully investigated all facts surrounding the claims, controversies and disputes between the Parties, and is fully advised and satisfied with the terms and the effect of this Agreement;

    (d)    Has the full legal authority to execute the Agreement, if signing on behalf of an entity;

    (e)    Has entered into this Agreement freely and willingly, without coercion or undue influence, and upon full and mature consideration;

    (f)    Has no reason to believe that the other Parties do not understand fully the terms and effects of this Agreement, and has no reason to believe that such other Parties do not freely and voluntarily execute this Agreement;

    (g)    Acknowledges that this Agreement and its reduction to final written form is the result of extensive good faith negotiations between and among the Parties through their respective counsel;

    (h)    Has not assigned any claim, in whole or in part, that it has or may have against any other Party that would otherwise be subject to the terms and conditions of this Agreement; and

    (i)    Executes this Agreement without reliance upon any oral statements or representations by any other Party or any other Party's representatives.

## SECTION 5
## GENERAL PROVISIONS

5.01  *Entire Agreement.*  This Agreement constitutes the full and entire agreement between and among the Parties with respect to their resolution of the Plaintiff Released Claims and Defendant Released Claims, and each Party acknowledges that there is no other agreement, oral and/or written, among the Parties with respect to such claims. The Parties further understand and acknowledge that the terms of this Agreement are contractual and not mere recitals.

5.02  *Order of Bankruptcy Court Approving this Agreement.* The Parties agree that the Trustee shall seek Bankruptcy Court approval of this Agreement.  Defendants shall not oppose approval of this Agreement.  The Parties expressly acknowledge that this Agreement is subject to approval of the Bankruptcy Court in the Bankruptcy Case, and they agree that this Agreement shall be null and void and of no effect whatsoever unless approved in its entirety by the Court's entry of the Approval Order.

5.03  *Binding Agreement*.  The Parties agree that upon issuance of the Approval Order, and as of the Effective Date, all provisions of this Agreement are binding upon and inure to the benefit of the Parties and to each of the Parties' heirs, devisees, agents, personal representatives, executors, conservators, administrators, guardians, successors and assigns and, to the extent applicable, their subsidiaries, affiliates, commonly controlled entities, companies, enterprises, ventures, predecessors, managers, members, officers, directors, employees, partners, business entities, accountants, attorneys, and representatives.

5.04  *Amendment or Modification*.  No modification of this Agreement, or any of its provisions, and no waiver of the terms and conditions of this Agreement, shall be binding on any Party unless approved in an additional writing to which each of the then affected Parties are signatories.

5.05  *Venue*.  Each Party hereto agrees to submit to the personal jurisdiction and venue of the United States Bankruptcy Court for the District of Colorado for a resolution of all disputes related to or arising from the interpretation, construction, and enforcement of this Agreement, and hereby waives any claim or defense therein that such Court constitutes an inconvenient forum.

5.06  *Attorney Fees and Costs.*  In the event that one or more of the Parties brings suit to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of his, her, or its reasonable attorney fees and costs.

5.07  *Headings*.  The headings used in this Agreement are for the purpose of reference only and will not otherwise affect the meaning or interpretation of any provision of this Agreement.

5.08  *Drafting of This Agreement*.  The Parties and their respective attorneys have contributed to the drafting of this Agreement.  Furthermore, the Parties have reviewed this Agreement in its entirety and acknowledge that each has had a full opportunity to negotiate the

terms of this Agreement. Therefore, the Parties hereby irrevocably waive any and all applicable common law and statutory rules of construction that any provision of this Agreement should be construed against the drafter of the Agreement.

5.09 *Construction.* Whenever the context requires, the gender of all words used in this Agreement includes the masculine, feminine and neuter, and the singular number includes the plural number and vice versa. Unless expressly provided otherwise or unless the context requires otherwise, all references to Articles and Sections refer to articles and sections of this Agreement.

5.10 *Counterparts.* This Agreement may be executed in multiple counterparts (including by means of facsimile or e-mail) with the same effect as if all signing parties had signed the same document. All counterparts shall be construed together and constitute the same instrument. Any printed copy of this Agreement bearing the signature of a party to this Agreement that has been transmitted via facsimile or otherwise electronically and any electronic version of this Settlement Agreement bearing the signature of a party to this Settlement Agreement shall be valid as an original with a handwritten signature.

5.11 *Governing Law.* This Agreement is made and entered into in the State of Colorado and shall, in all respects, be interpreted, enforced and governed by and under the laws of Colorado.

5.12 *Severability.* If any provision of this Agreement is found or held to be invalid or unenforceable by a court or other decision-making body of competent jurisdiction, the remainder of this Agreement shall remain valid and enforceable to the greater extent allowed by such court or body under law.

IN WITNESS WHEREOF, and intending to be legally bound, each of the Parties hereto has entered into this Agreement as of the Effective Date.

TRUSTEE:

4-11-2022
Date

_____
Simon E. Rodriguez, Chapter 7 Trustee, Bankruptcy Case No. 21-11967 TBM

MENNONAS:

_____
Date

_____
Matthew Jason Mennona

-7-

terms of this Agreement. Therefore, the Parties hereby irrevocably waive any and all applicable common law and statutory rules of construction that any provision of this Agreement should be construed against the drafter of the Agreement.

5.09 *Construction*. Whenever the context requires, the gender of all words used in this Agreement includes the masculine, feminine and neuter, and the singular number includes the plural number and vice versa. Unless expressly provided otherwise or unless the context requires otherwise, all references to Articles and Sections refer to articles and sections of this Agreement.

5.10 *Counterparts*. This Agreement may be executed in multiple counterparts (including by means of facsimile or e-mail) with the same effect as if all signing parties had signed the same document. All counterparts shall be construed together and constitute the same instrument. Any printed copy of this Agreement bearing the signature of a party to this Agreement that has been transmitted via facsimile or otherwise electronically and any electronic version of this Settlement Agreement bearing the signature of a party to this Settlement Agreement shall be valid as an original with a handwritten signature.

5.11 *Governing Law*. This Agreement is made and entered into in the State of Colorado and shall, in all respects, be interpreted, enforced and governed by and under the laws of Colorado.

5.12 *Severability*. If any provision of this Agreement is found or held to be invalid or unenforceable by a court or other decision-making body of competent jurisdiction, the remainder of this Agreement shall remain valid and enforceable to the greater extent allowed by such court or body under law.

IN WITNESS WHEREOF, and intending to be legally bound, each of the Parties hereto has entered into this Agreement as of the Effective Date.

TRUSTEE:

_____   _____
Date                              Simon E. Rodriguez, Chapter 7 Trustee, Bankruptcy
                                  Case No. 21-11967 TBM

MENNONAS:

4-11-22                           _____
Date                              Matthew Jason Mennona

-7-

4-11-22
Date

Nicole Matie Mennona *(signed)*

**DEFENDANTS:**

4. 8. 2022
Date

Devon Michael Barclay *(signed)*

4. 8. 2022
Date

Devon M. Barclay P.C. *(signed)*

By: Devon Barclay
Its: President

-8-